# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,　　　　　　　　　No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to:*　　No. 1:18-cv-00744-WJ-KK

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants Sunnyside Gold Corporation ("SGC"), Kinross Gold U.S.A. Inc. ("KGUSA"), and Kinross Gold Corporation's ("KGC") ("Mining Defendants") Combined Motion to Dismiss the Allen Plaintiffs' Complaint and Supporting Memorandum, Doc. 115, filed November 1, 2018. For the reasons stated below, the Motion is **GRANTED in part** and **DENIED in part.**

Shortly after the Mining Defendants filed a motion to dismiss the Amended Complaints of New Mexico, the Navajo Nation and Utah ("Sovereign Plaintiffs"), the Allen Plaintiffs filed a Complaint in *Allen v. United States*, No. 1:18-cv-00744-WJ-KK, asserting claims against the Mining Defendants and others arising from the August 5, 2015, release from the Gold King Mine. The Allen Plaintiffs are members of the Navajo Nation, residents of New Mexico, Colorado, Arizona and Utah, and "farm land or raise livestock or both adjacent to the Animas River or San Juan River and depend upon these rivers for irrigation of their crops and livestock." Allen Complaint ¶ 1, Doc. 1, filed August 3, 2018. The Mining Defendants' motion now before the Court seeks dismissal of the Allen Complaint.

**Personal Jurisdiction**

The Mining Defendants contend that the Court does not have personal jurisdiction over the Mining Defendants because "there has been no purposeful direction of any activity toward New

Mexico."[1] The Mining Defendants state that the "'purposeful or intentional action' undertaken by SGC was performance of its Consent Decree obligations [design and construction of the bulkheads under Colorado's supervision years before the blowout], 'to protect the waters of the State of Colorado.'" Doc. 115 at 12. The Mining Defendants also state that "beyond KGUSA's acquisition of an indirect ownership of SGC in 2003, and KGC's indirect ownership of KGUSA, neither KGUSA nor KGC undertook any action at all." Doc. 115 at 12. The Mining Defendants also argue that the "assertion of personal jurisdiction over the Mining Defendants would be unreasonable." Doc. 115 at 17.

The Allen Plaintiffs have alleged sufficient facts to make a *prima facie* showing of personal jurisdiction over the Mining Defendants. The Allen Plaintiffs have alleged that SGC installed bulkheads which caused wastewater to enter the Gold King Mine, that KGC and KGUSA "controlled and directed" SGC's activities, that the Mining Defendants "had a duty to oversee, manage, maintain, and regulate the Gold King Mine and Sunnyside Mine," that the Mining Defendants "knew or should have known about the presence of and potential for spreading of contamination at Gold King Mine," and that the Mining Defendants "recklessly disregarded the known potential impact on downstream communities when they made decisions to bulkhead the American Tunnel and Sunnyside Mine." Allen Complaint ¶¶ 309-314, 362, 370, 374.

Having determined that the Allen Plaintiffs have made a *prima facie* showing that the Mining Defendants' actions, although limited, establish minimum contacts with New Mexico, the

---

[1] "[T]he 'minimum contacts' standard requires, first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008). There is purposeful direction if (i) there is an intentional action, (ii) that was expressly aimed at the forum state, (iii) with knowledge that teh brunt of the injury would be felt in the forum state. *See Dudnikov v. Chalk & Vermilion fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008).

Court "must consider the quality of those minimum contacts in light of several factors to determine whether the district court's exercise of personal jurisdiction over Defendants violates notions of 'fair play and substantial justice:'"

> In determining whether exercise of jurisdiction is so unreasonable as to violate "fair play and substantial justice," we consider: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Asahi,* 480 U.S. at 113, 107 S.Ct. 1026. The strength of these factors sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required. *Burger King,* 471 U.S. at 462, 105 S.Ct. 2174. Conversely, the factors may be so weak that even though minimum contacts are present, subjecting the defendant to jurisdiction in that forum would offend due process.

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1095 (10th Cir. 1998).

The Mining Defendants make the conclusory allegation, but do not discuss why, "New Mexico's interest in resolving this dispute is clearly less than Colorado's where the Gold King Mine is located and the Blowout occurred." Doc. 115 at 17. It appears that New Mexico's interest in resolving this dispute is similar to Colorado's interest because the same contaminants released to Colorado's rivers were also transported to New Mexico's rivers.

The Mining Defendants state that "[w]hile Plaintiffs may have an interest in resolving this dispute, the most convenient and effective relief available to them is in Colorado. There is no reason why Colorado would be any less inconvenient for the Plaintiffs than New Mexico would be for the Mining Defendants." Doc. 115 at 17. After Defendant Environmental Restoration filed a motion with the United States Judicial Panel on Multidistrict Litigation to transfer the Utah case to the District of New Mexico for coordinated pretrial proceedings, "or such other District Court as this Panel deems appropriate," the Mining Defendants filed responses in support of transferring the cases to the District of New Mexico stating that coordinating the pretrial proceedings of the

cases in the District of New Mexico would conserve the resources of the parties and would promote the convenience of the parties and witnesses. *See* Doc's 1, 38, 40 in *In re: Gold King Mine Release in San Juan County, Colorado, on August 5, 2015*, MDL No. 2824.

The Mining Defendants also assert that the "fact that KGC is a Canadian corporation must also be heavily considered." Doc. 115 at 17 (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1096 (10th Cir. 1998) ("When the defendant is from another country, this concern is heightened and 'great care and reserve should be exercised' before personal jurisdiction is exercised over the defendant")). KGC's burden of appearance in the District of New Mexico is not onerous because KGC is represented by the same law firm in Santa Fe that represents KGUSA. Nor is the burden of appearing in the District of New Mexico onerous for SGC, which is represented by a law firm in Montana, or KGUSA, both of which have their principal places of business in the adjacent State of Colorado.

Finally, the Mining Defendants argue that the "fourth and fifth factors are reflected in the Clean Water Act and the required application of the law of the forum state to the events in question," and that "[a]s the Supreme Court found in *Oullette* . . . the Clean Water Act reflects a congressional decision and social policy that disputes involving interstate waters must be decided according to the law of the source state--Colorado--and *in* Colorado." Doc. 115 at 18 (*emphasis in original*). The Clean Water Act does not reflect a congressional decision and social policy that disputes involving interstate waters must be decided *in* the source state. *See International Paper Co. v. Oullette*, 479 U.S. 481, 499-500 (1987) (addressing issue whether all state-law suits must also be brought in source-state courts stating the Clean Water "Act pre-empts laws, not courts. In the absence of statutory authority to the contrary, the rule is settled that a district court sitting in diversity is competent to apply the law of a foreign State"). Furthermore, the statute governing

4

multidistrict litigation provides that when "civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a).

The Court concludes that its exercise of personal jurisdiction over the Mining Defendants is not so unreasonable as to violate fair play and substantial justice.

**Clean Water Act Preemption**

The Mining Defendants state the "Clean Water Act preempts application of downstream state tort law to upstream regulated discharges." Doc. 115, 18-24. The Court grants the Mining Defendants' motion to dismiss the Allen Plaintiffs' tort claims as preempted by the Clean Water Act to the extent the Allen Plaintiffs seek to assert those claims under the law of any state other than Colorado. *See* Doc. 52 at 9; *see also* Mem. Op. and Order at 3-4, Doc. 168, filed March 26, 2019 (discussing preemption of non-source state law and granting the Mining Defendants' motion to dismiss the Sovereign Plaintiffs' tort claims as preempted by the Clean Water Act to the extent the Sovereign Plaintiffs seek to assert those claims under the law of any state other than Colorado).

**State of Colorado Not a Required Party**

The Mining Defendants assert that the claims against the Mining Defendants should be dismissed because the State of Colorado is a required party and cannot be joined. *See* Doc. 115 at 24-30. The Mining Defendants state:

> The [Allen Plaintiffs'] Complaint assigns fault to SGC for constructing engineered, concrete bulkheads in Colorado, and to SGC, KGUSA and KGC for failing to remove those bulkheads. It is undisputed, however, that the bulkheads were designed, constructed, and maintained in place pursuant to Colorado law and specific directives of the State of Colorado and the court approved Consent Decree.

Doc. 115 at 24. The Mining Defendants state that Colorado is a required party because "Colorado has a direct interest in seeing that its laws, regulations, and decrees are followed," and because

5

"the Mining Defendants would be left 'subject to a substantial risk of incurring . . . inconsistent obligations.'" Doc. 115 at 27, 27.

The Court denies the Mining Defendants' motion to dismiss regarding Colorado because they have not shown that the State of Colorado is a required party, that the Court cannot tailor relief that would be consistent with Colorado's laws, or that the Court cannot tailor an appropriate remedy which would not subject the Mining Defendants to inconsistent obligations. *See* Mem. Op. and Order at 8-9, Doc. 168 (denying the Mining Defendants' motion to dismiss the Sovereign Plaintiffs' Amended Complaints because the Mining Defendants did not show that Colorado is a required party).

**Punitive Damages**

The Mining Defendants request that the claims against them be dismissed because the "allegations in the Complaint, even if taken as true, do not allow for an award of punitive damages." Doc. 115 at 33. The Court denies the Mining Defendants' request. A request for punitive damages is not the proper subject of a Rule 12(b)(6) motion because such a request is not a separate cause of action. *See Mason v. Texaco, Inc.* 948 F.2d 1546, 1554 (10th Cir. 1991) ("A punitive damage claim is not an independent cause of action or issue separate from the balance of a plaintiff's case. It is part and parcel of a liability determination and does not have any independent being until a jury has decided . . . that not only was a defendant's conduct negligent, but that it was gross, willful, wanton or malicious"). *See* Mem. Op. and Order at 14-15, Doc. 168 (denying the Mining Defendants' motion to dismiss the requests for punitive damages in the Sovereign Plaintiffs' Amended Complaints).

**IT IS ORDERED** that Defendants Sunnyside Gold Corporation, Kinross Gold U.S.A. Inc., and Kinross Gold Corporation's Combined Motion to Dismiss the Allen Plaintiffs' Complaint

and Supporting Memorandum, Doc. 115, filed November 1, 2018, is **GRANTED in part** and **DENIED in part.** The Court grants the Mining Defendants' motion to dismiss the tort claims as preempted by the Clean Water Act to the extent the Allen Plaintiffs seek to assert those claims under the law of any state other than Colorado. The Court denies the remainder of the Mining Defendants' motion to dismiss.

_____
**WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE**