IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,   No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to:*   No. 1:18-cv-00744-WJ-KK

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the EPA Contractor Defendants' Motion to Dismiss the *Allen* Plaintiffs' Complaint and Motion to Strike, Doc. 117, filed November 1, 2018. For the reasons stated below, the Motion is **GRANTED in part** and **DENIED in part.**

Shortly after the EPA Contractor Defendants filed a motion to dismiss the claims of New Mexico, the Navajo Nation and Utah ("Sovereign Plaintiffs"), the Allen Plaintiffs filed a Complaint in *Allen v. United States*, No. 1:18-cv-00744-WJ-KK, asserting claims against the EPA Contractor Defendants and others arising from the August 5, 2015, release from the Gold King Mine. The EPA Contractor Defendants' motion now before the Court seeks dismissal of the Allen Complaint.

**Statute of Limitations**

The EPA Contractor Defendants assert that the Allen Plaintiffs' claims are barred by Colorado's two-year statute of limitations. *See* Doc. 117 at 5. The EPA Contractor Defendants rely on two United States Supreme Court cases that held "when a court considers a state-law claim concerning interstate water pollution that is subject to the [Clean Water Act], the court must apply the law of the State in which the point source is located." *International Paper Co. v. Ouellette*, 479 U.S. 481, 487 (1987) (Vermont landowners brought suit against operator of New York pulp and paper mill under Vermont common law of nuisance); *Arkansas v. Oklahoma*, 503 U.S. 91, 100

(1992) (restating the holding in *Ouellette* as "the Clean Water Act taken 'as a whole, its purposes and its history' pre-empted an action based on the law of the affected State and that the only state law applicable to an interstate discharge is 'the law of the State in which the point source is located'"). The Court has concluded that Colorado substantive law applies in this case, *see* Doc. 166 at 18, filed March 20, 2019 (citing *International Paper Co. v. Ouellette*).

The Allen Plaintiffs are asserting tort claims against Defendants and assert that they "filed their complaint within the New Mexico statute of limitations and are not barred." Doc. 128 at 6. Generally, the statute of limitations of the forum state applies to claims in federal court. *See* Restatement (Second) Conflict of Laws § 142 ("In general, unless the exceptional circumstances of the case make such a result unreasonable . . . The forum will apply its own statute of limitations unless: (1) maintenance of the claim would serve no substantial interest of the forum; and (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence"); *Sun Oil Co. v. Wortman*, 486 U.S. 717, 722 (1988) (stating the United States Supreme Court "has long and repeatedly held that the Constitution does not bar application of the forum State's statute of limitations to claims that in their substance are and must be governed by the law of a different State"); *Myers v. Koopman*, 738 F.3d 1190, 1194 n.2 (10th Cir. 2013) ("Claims under § 1983 are governed by the forum state's statute of limitations", citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)); *Elm Ridge Exploration Co., LLC v. Engle*, 721 F.3d 1199, 1210 (10th Cir. 2013) ("A federal court sitting in diversity applies the substantive law of the state where it is located, including the state's statutes of limitations"). While the Clean Water Act preempts the application of New Mexico tort law, the Clean Water Act does not preempt the application of New Mexico's statute of limitations because the application of New Mexico's statute of limitations will not frustrate the goals of the Clean Water Act. *See*

*International Paper Co. v. Ouellette*, 479 U.S. 481, 497-499 n.20 (1987) ("we note that the preemptive scope of the CWA necessarily includes *all* laws that are inconsistent with the 'full purposes and objectives of Congress' . . . the application of affected-state law would frustrate the carefully prescribed CWA regulatory system"). The Court therefore denies the EPA Contractor Defendants' motion to dismiss the Allen Plaintiffs' claims as barred by Colorado's statute of limitations.

**Whether Allen Plaintiffs Seek to Recover Same Damages as the Navajo Nation**

The EPA Contractor Defendants move to dismiss the Allen Complaint "because the Allen Plaintiffs seek to recover the same damages as the Navajo Nation," stating the "interests of the Allen Plaintiffs are already being protected by the Navajo Nation, *parens patriae*, and the 'compensatory and consequential damages' . . . sought by the Allen [P]laintiffs, are duplicative of the 'compensatory, consequential, and punitive damages,' . . . sought by the Navajo Nation." Doc. 117 at 11-12.

The Court denies the EPA Contractor Defendants' motion to dismiss the Allen Complaint based on potential duplicative claims by the Allen Plaintiffs. "The Supreme Court has recognized the right of a State to sue as *parens patriae* to prevent or repair harm to its quasi-sovereign interest." *Satsky v. Paramount Communications, Inc.*, 7 F.3d 1464, 1469 (10th Cir. 1993). "It is equally clear, however, that a state may not sue to assert the rights of private individuals." *Satsky v. Paramount Communications, Inc.*, 7 F.3d at 1469. The Allen Plaintiffs have asserted claims of "personal injury and property damages arising out of the release." Complaint, Doc. 1, filed August 3, 2018, in *Allen v. United States*, No. 1:18-cv-00744-WJ-KK (D.N.M.). Because Rule 8 only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and

3

because there has been no discovery, the Court cannot at this time determine the extent, if any, that the claims of the Allen Plaintiffs and the Navajo Nation are duplicative.

**CERCLA Section 113(h)**

EPA Contractor Defendants move the Court to dismiss the Allen Plaintiffs' state law claims because CERCLA Section 113(h), 42 U.S.C. 9613(h), bars any interference with a CERCLA response action and the Allen Plaintiffs' "claims for monetary damages would interfere with EPA's ongoing remedial efforts at the BPMD site." *See* Doc. 117 at 19-20; *see also* 42 U.S.C. § 9613(h) ("No Federal court shall have jurisdiction under Federal law . . . or under State law . . . to review any challenges to removal or remedial action selected under section 9604 of this title . . . except" in certain actions).

The Court denies EPA Contractor Defendants' motion to dismiss pursuant to CERCLA Section 113(h) because the Court has previously denied the Federal Defendants' and the Mining Defendants' motions to dismiss claims pursuant to CERCLA Section 113(h) to allow for jurisdictional discovery regarding the issue of whether abatement in New Mexico and/or Utah would interfere with EPA's remedial action. *See* Mem. Op. and Order at 10-15, Doc. 164, filed February 28, 2019; Mem. Op. and Order at 9-11, Doc. 168, filed March 26, 2019.

**Government Contractor Defense**

The EPA Contractor Defendants assert that they "are shielded from state tort law liability under the government contractor defense" and incorporate by reference their arguments in their earlier motion to dismiss the claims brought by the State of New Mexico, the Navajo Nation, the State of Utah and the McDaniels Plaintiffs. Doc. 117 at 22. The Court denied the EPA Contractor Defendants' earlier motion to dismiss based on the government contractor defense "because the

defense does not appear plainly on the face of the Amended Complaints." Mem. Op. and Order at 9-11, Doc. 166, filed March 20, 2019.

To establish the government contractor defense, a contractor must show: (i) the case involves "uniquely federal interests;" (ii) a "significant conflict exists between an identifiable federal policy or interest and the operation of state law;" and (iii) the contractor's actions fall within the "scope of displacement." *Boyle v. United Technologies Corp.*, 487 U.S. 500, 504, 507, 512 (1988). A contractor's actions fall within the scope of displacement if: (i) "the United States approved reasonably precise specifications;" (ii) the contractor "conformed to those specifications;" and (iii) the contractor "warned the United States about the dangers" known to the contractor but not to the United States." *Boyle v. United Technologies Corp.*, 487 U.S. at 512.

The Court denies the EPA Contractor Defendants motion to dismiss the Allen Plaintiffs' claims based on the government contractor defense because the government contractor defense does not appear plainly on the face of the Allen Plaintiffs' Complaint. While the Allen Complaint alleges that there was "a plan to conduct excavation activities," it does not allege that EPA approved reasonably precise specifications, the EPA Contractor Defendants conformed to those specifications, or that the EPA Contractor Defendants warned EPA about the dangers known to the EPA Contractor Defendants but not to EPA.

**Failure to State a Claim**

The EPA Contractor Defendants assert that the Allen Plaintiffs have failed to state a claim for negligence, negligence per se, and gross negligence, and:

> EPA Contractor Defendants incorporate by reference their legal argument that [the Sovereign and McDaniel] Plaintiffs have failed to state any state law or common law causes of action, as set forth in the Motion to Dismiss, Doc. 46, at 54-60, and Reply in Support of the Motion to Dismiss, Doc. 80 at 30-34, in which EPA Contractor Defendants argue that the McDaniel and Sovereign Plaintiffs have failed to plead prima facie claims for the negligence-based claims. These legal grounds

> apply equally to the Allen Plaintiff's negligence, negligence per se, and gross negligence claims that are based on the same predicate facts. The Allen Complaint makes claims for negligence, negligence per se, and gross negligence. These common law claims are the same claims brought by the McDaniel Plaintiffs in their Second Amended Complaint.

Doc. 117 at 22-23. The Court subsequently found that the McDaniels Plaintiffs' allegations were sufficient to state plausible claims for relief under Colorado law and denied the EPA Contractor Defendants' motion to dismiss the McDaniels Plaintiffs' negligence-based claims. *See* Mem. Op. and Order at 19, Doc. 166, filed March 20, 2019. Because the Allen Plaintiffs' negligence, negligence per se, and gross negligence claims "are the same claims brought by the McDaniel Plaintiffs" and "are based on the same predicate facts," the Court denies the EPA Contractor Defendants' motion to dismiss the Allen Plaintiffs' negligence, negligence per se, and gross negligence claims.

**Joint and Several Liability**

The EPA Contractor Defendants assert that the Allen Plaintiffs' joint and several liability requests should be stricken because "Colorado law governs Plaintiffs' state law claims and Colorado has abolished joint and several liability by statute in favor of pro-rata liability." Doc. 117 at 19; *see also* Colo. Rev. Stat. Ann. § 13-21-111.5(1) ("In an action brought as a result of a death or an injury to person or property, no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant that produced the claim injury, death, damage, or loss, except as provided in subsection (4) of this section [imposing joint liability on persons who consciously conspire and deliberately pursue a common plan or design to commit a tortious act]").

The Allen Plaintiffs argue that the issue of whether their joint and several liability requests should be stricken "is ultimately a question of whether New Mexico or Colorado law applies."

Doc. 128 at 20. The Court has since concluded that Colorado law applies. *See* Doc. 166 at 18, filed March 20, 2019 (stating "The Court concludes that Colorado law governs [the McDaniel] Plaintiffs' tort claims," citing *International Paper Co. v. Ouellette*, 479 U.S. 481, 499 n.20 (1987)); Doc. 168 at 3-4, filed March 26, 2019 ("grant[ing] the Mining Defendants' motion to dismiss the Sovereign Plaintiffs' tort claims as preempted by the [Clean Water Act] to the extent the Sovereign Plaintiffs seek to assert those claims under the law of any state other than Colorado"). The Court strikes the Allen Plaintiffs' joint and several liability requests.

**Emotional Distress Claims**

The Allen Plaintiffs state: "As members of the Navajo Nation, Plaintiffs have an enormous cultural and spiritual connection to the land and waters of the Animas River and San Juan Rivers. As a result of the spill, Plaintiffs have experienced great spiritual and emotional distress." Allen Plaintiffs' Complaint ¶ 8. The EPA Contractor Defendants assert that the Allen Plaintiffs' emotional distress claims should be stricken because the Allen Plaintiffs "are not entitled to recover damages for 'emotional distress' based on negligence." Doc. 117 at 25. The EPA Contractor Defendants also assert that:

> The Allen Plaintiffs do not (and cannot) allege any physical injury to or interference with their real property. That fact distinguishes all of the cases that the Allen Plaintiffs rely on to argue that their emotional distress claims should not be stricken. As the Colorado Court of Appeals explained in *Hendricks*, the allegation of "injury to real property" is critical, because Colorado courts only allow recovery of "discomfort and annoyance" damages for "harm to land." Without any allegation of "harm to land," the Allen Plaintiffs are not entitled to any "emotional distress" or "annoyance and discomfort" damages.

Doc. 135 at 22-23 (citations ommitted).

Under Colorado law, "victims of physical damage to real property cannot be compensated for purely emotional distress," but may recover "for annoyance and discomfort damages" in cases

7

involving damages for injury to real property. *Hendricks v. Allied Waste Transp., Inc.*, 282 P.3d 520, 524-525 (Colo.App. 2012).

The Allen Plaintiffs argue that the Court "should not dismiss their claims for emotional distress damages" because their "claims for emotional distress damages are equivalent to the type of injuries for 'discomfort and annoyance.'" Doc. 128 at 24.

The Court strikes the Allen Plaintiffs claims for emotional distress damages because Colorado law distinguishes emotional distress damages from damages for discomfort and annoyance. *See Hendricks v. Allied Waste Transp., Inc.*, 282 P.3d at 524 (agreeing that "damages for loss of enjoyment, annoyance, discomfort, and inconvenience are not emotional distress damages").

The Court defers ruling on the EPA Contractor Defendants' assertion that the Allen Plaintiffs' are not entitled to "annoyance and discomfort" damages because the Allen Plaintiffs have not alleged "harm to land." The Allen Plaintiffs allege that they submitted claims to EPA for "property damage," but it is not clear whether those claims include real property.

**THEREFORE, IT IS ORDERED** that the EPA Contractor Defendants' Motion to Dismiss the Allen Plaintiffs' Complaint and Motion to Strike, Doc. 117, filed November 1, 2018, is **GRANTED in part** and **DENIED in part.** The Court grants the EPA Contractor Defendants' motion to strike the joint and several liability requests in the Allen Plaintiffs' Complaint. The Court grants the EPA Contractor Defendants' motion to strike the Allen Plaintiffs' claims for emotional distress damages. The Court denies the remainder of the EPA Contractor Defendants' motion to dismiss.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**