# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,     No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to No. 1:18-cv-00744-WJ-KK*

## MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

**THIS MATTER** comes before the Court on Defendant Environmental Restoration, LLC's ("ER") Petition for Certification of Interlocutory Appeal, Doc. 226, filed July 2, 2019 ("Petition").

**Background**

On August 3, 2018, approximately 300[1] members of the Navajo Nation in New Mexico, Colorado, Arizona and Utah, initiated an action in the District of New Mexico asserting claims arising out of the August 5, 2015, release from the Gold King Mine. *See* Complaint for Personal Injuries and Damages, Doc. 1 in *Allen v. United States*, No. 1:18-cv-00744-WJ-KK. The Court ordered that the *Allen* case be associated with this Multi-District Litigation. *See* Doc. 51, filed August 7, 2018.

The EPA Contractor Defendants moved to dismiss the *Allen* Complaint as barred by Colorado's statute of limitation for tort claims. *See* Doc. 117, filed November 1, 2018 (also asserting other bases for dismissal). The Court had previously concluded that Colorado substantive law applies to this case. *See* Doc. 166 at 18, filed March 20, 2019 (citing *International Paper Co. v. Ouellette*, 479 U.S. 481 (1987)). The EPA Contractor Defendants argued that because Colorado law applies to this case, the *Allen* Plaintiffs' Complaint is barred by Colorado's two-year statute of limitations, which is shorter than New Mexico's statute of limitations. The Court

---

[1] *See Allen* Plaintiffs' Response at 8, Doc. 260, filed August 6, 2019.

concluded that "[while the Clean Water Act preempts the application of New Mexico tort law, the Clean Water Act does not preempt the application of New Mexico's statute of limitations because the application of New Mexico's statue of limitations will not frustrate the goals of the Clean Water Act," and denied the EPA Contractor Defendants' motion to dismiss the *Allen* Plaintiffs' claims as barred by Colorado's statute of limitations. Doc. 182 at 2-3, filed May 31, 2019 (quoting *International Paper Co. v. Ouellette*, 479 U.S. 481 (1987) ("we [the United States Supreme Court] note that the preemptive scope of the CWA necessarily includes *all* laws that are inconsistent with the 'full purposes and objectives of Congress' . . . the application of affected-state law would frustrate the carefully prescribed CWA regulatory system")).

> Defendant ER asks the Court to certify the following question for interlocutory appeal:
>
> Where claims arising under one state's laws would be time-barred under that same state's law, may a District Court, exercising jurisdiction over parties pursuant to 28 U.S.C. § 1332 [Diversity of citizenship] and 28 U.S.C. § 1332 [Supplemental jurisdiction], apply a different jurisdiction's statute of limitations in order to allow the claims to proceed.

Petition at 5. The statute governing interlocutory decisions provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

**Controlling Question of Law**

The Court's Order involves a controlling question of law. *See Paper, Allied-Industrial, Chemical And Energy Workers Intern. Union v. Continental Carbon Co.*, 428 F.3d 1285, 1291

2

(10th Cir. 2005) ("Interlocutory appeals originate from the district court's order itself, not the specific question certified by the district court or the specific question framed by the appellant") (citing *United States v. Stanley,* 483 U.S. 669, 677 (1987)). "[T]he correct test for determining if an issue is appropriate for interlocutory review is (1) whether that issue was raised in the certified order; and (2) whether the issue can control the disposition of the order." *Paper, Allied-Industrial, Chemical And Energy Workers Intern. Union v. Continental Carbon Co.*, 428 F.3d 1285, 1291 (10th Cir. 2005). The issue of which statute of limitations applies, Colorado's or New Mexico's, was raised in the Court's Order. *See* Doc. 182 at 2-3. Resolution of that issue on appeal could affect the outcome of this case because, if the Court of Appeals for the Tenth Circuit determines that Colorado's statute of limitations applies, then the claims of the *Allen* Plaintiffs would be barred. *See* 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper § 3930 (3d ed. 2012) ("There is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment").

**Substantial Ground for Difference of Opinion**

There is substantial ground for difference of opinion regarding the controlling question of law.

> There is a substantial ground for difference of opinion which supports a certificate for an interlocutory appeal if a trial court rules in a manner which appears contrary to the rulings of all courts of appeals which have reached the issue, if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented. A "substantial ground for difference of opinion" exists under 28 U.S.C.A. § 1292(b) where reasonable jurists might disagree on an issue's resolution and not merely where they have already disagreed.
>
> To determine if a substantial ground for difference of opinion exists, as required to certify an order for interlocutory appeal, courts must examine to what extent controlling law is unclear; however, just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than

3

> another is controlling does not mean there is such a substantial difference of opinion as will support interlocutory appeal. On the other hand, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting the development of contradictory precedent.

2 Fed. Proc., L. Ed. § 3:218 (footnotes omitted) (collecting cases). Reasonable jurists might disagree on the extent of the holding in *Ouellette*, where the United States Supreme Court stated: "We hold that when a court considers a state-law claim concerning interstate water pollution that is subject to the CWA, the court must apply the law of the State in which the point source is located." *Ouellette*, 479 U.S. at 487. The United States Supreme Court also concluded that the "Act pre-empts state law to the extent that the state law is applied to an out-of-state point source." *Ouellette*, 479 U.S. at 500. Some reasonable jurists would assert that the holding in *Ouellette* preempts all downstream state law, both substantive and procedural, and if the United States Supreme Court intended to hold that only substantive state law is preempted, it would have stated so. Other reasonable jurists would assert, as this Court did, that downstream state procedural law is not preempted according to the reasoning of the *Ouellette* case because the affected state's statute of limitation would not frustrate the goals of the CWA.

**Immediate Appeal may Materially Advance the Ultimate Termination of this Case**

"In certifying an interlocutory appeal pursuant to 28 U.S.C.A. § 1292(b), the district judge must find that the interlocutory appeal may materially advance the ultimate termination of the litigation."

> This requirement reflects the policy that the court of appeals will grant interlocutory review only in extraordinary cases where a decision might avoid protracted and expensive litigation. If it appears that an interlocutory appeal will delay a trial rather than expedite or eliminate it, leave to appeal should be denied. Moreover, the fact that the certification is sought shortly before trial is scheduled to begin is good reason for denying interlocutory review. When litigation will be conducted in substantially the same manner regardless of the district court's decision, an

appeal cannot be said to materially advance the ultimate termination of the litigation.

The determination of whether an interlocutory appeal may materially advance the ultimate termination of litigation properly turns on pragmatic considerations, assessed by reviewing the procedural and substantive status of the case with respect to the progress or completion of discovery, the disposition of pretrial motions, the extent of the parties' preparation for trial, and the nature and scope of the requested relief. For certification, an interlocutory appeal need not have a final, dispositive effect on the litigation as it is required only that it "may materially advance" the litigation.

2 Fed. Proc., L. Ed. § 3:219 (footnotes omitted) (collecting cases).

An immediate appeal from the Court's Order may materially advance the ultimate termination of this case. If the Tenth Circuit concludes that Colorado's statute of limitations applies, then the claims of the approximately 300 *Allen* Plaintiffs will be barred, thereby eliminating the need for discovery, which is only now beginning, and trial for those claims.

**Certification for Interlocutory Appeal**

The Court is of the opinion that its Order concluding that New Mexico's statute of limitations applies, s*ee* Doc. 182, filed May 31, 2019, involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of this case. The Court therefore certifies its Order, Doc. 182, filed May 31, 2019, for immediate appeal.

    **IT IS ORDERED** that:

    (i)    Defendant Environmental Restoration, LLC's Petition for Certification of Interlocutory Appeal, Doc. 226, filed July 2, 2019, is **GRANTED.**

    (ii)    The Court **CERTIFIES** its Order, Doc. 182, filed May 31, 2019, for immediate appeal.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**