# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,         No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to No. 1:18-cv-00744-WJ-KK*

## MEMORANDUM OPINION AND ORDER GRANTING ALLEN PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

**THIS MATTER** comes before the Court on the Allen Plaintiffs' Motion for Leave to Amend Complaint, Doc. 254, filed August 2, 2019 ("Motion to Amend").

The *Allen* Plaintiffs seek to amend their Complaint to: (i) add seven additional plaintiffs who are similarly situated to the original *Allen* Plaintiffs; (ii) exclude Defendants EPA, Salem Minerals, Inc., and San Juan Corp., who were dismissed as defendants by stipulation of the *Allen* Plaintiffs; and (iii) add two new tort claims for private nuisance and trespass.

Federal Rule of Civil Procedure 15 instructs that leave to amend a complaint should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). "A court may deny leave, however, on account of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *Haasan v. AIG Property Casualty Co.*, 935 F.3d 1092, 1101-1102 (10th Cir. 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Defendants opposing the Motion to Amend assert the motion is untimely and amendment to add trespass and nuisance claims would be futile because: (i) the *Allen* Plaintiffs do not allege the specific legal possessory interest in their property; (ii) the *Allen* Plaintiffs do not allege physical intrusion or how their property interest was affected; and (iii) the *Allen* Plaintiffs

do not allege that Defendants intentionally and unreasonably interfered with Plaintiffs' use of their property. *See* Defendants Kinross Gold U.S.A., Inc. and Kinross Gold Corp.'s Response, Doc. 272, filed August 16, 2019; Defendant Sunnyside Gold Corp.'s Response, Doc. 273, filed August 16, 2019; Contractor Defendants' Response, Doc. 274, filed August 16, 2019.

The Motion to Amend is not untimely. The Parties filed a Joint Status Report and Provisional Discovery Plan which stated the "Allen Plaintiffs should be allowed until September 30, 2019 to move to amend the pleadings." Doc. 244 at 3, filed July 30, 2019. The Special Master has adopted the Joint Status Report and Provisional Discovery Plan. *See* Order, Doc. 303, filed September 11, 2019. The *Allen* Plaintiffs filed their Motion to Amend on August 2, 2019, well before the September 30, 2019, deadline.

Amendment is not futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *DeHaan v. United States*, 3 Fed.Appx. 729, 731 (10th Cir. 2001).

> [T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face . . . a judge ruling on a motion to dismiss must accept all allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.' " *Id.* at 1965 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Thus, "plausible" cannot mean "likely to be true." Rather, "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." *Id.* at 1974. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). The proposed amended complaint states plausible trespass[1] and nuisance[2] claims because it alleges: (i) Plaintiffs own or have other legal property rights and interests in and on land affected by the Gold King Mine spill;" (ii) "Defendants invaded or otherwise caused other Defendants to invade or intrude upon the property rights of the Plaintiffs without permission. Some of the contaminants still remain on the Plaintiffs' property;" (iii) "This invasion by the Defendants . . . caused injury to the Plaintiffs' property rights . . . including destruction of Plaintiffs' crops on their property;" and (iv) "The Gold King Mine spill also substantially and unreasonably interfered with the Plaintiffs' use and enjoyment of their land and property by disturbing Plaintiffs' comfort, convenience and peace of mind . . . with respect to Plaintiffs' continued ability to use their land for grazing and agriculture . . . caused distress and anxiety from the public stigma directed at Plaintiffs' land, harvest and livestock that resulted from the Gold King Mine spill." Doc. 254-1 at 115 ¶ 386, 116 ¶¶ 392-393, 117-118 ¶¶ 397, 393.

The Court grants the Motion to Amend because the Motion is timely and amendment is not futile.

**IT IS ORDERED** that the Allen Plaintiffs' Motion for Leave to Amend Complaint, Doc. 254, filed August 2, 2019, is **GRANTED.**

_____
**WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] "The elements for the tort of trespass are a physical intrusion upon the property of another without the proper permission from the person legally entitled to possession of that real estate." *Public Service Co. of Colorado v. Van Wyk*, 27 P.3d 377, 389 (Colo. 2001) (en banc).

[2] "A claim for nuisance is predicated upon a substantial invasion of a plaintiff's interest in the use and enjoyment of his property when such invasion is: (1) intentional and unreasonable; (2) unintentional and otherwise actionable under the rules for negligent or reckless conduct; or (3) so abnormal or out of place in its surroundings as to fall within the principle of strict liability." *Public Service Co. of Colorado v. Van Wyk*, 27 P.3d 377, 391 (Colo. 2001) (en banc).