IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,                    No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to: No. 1:18-cv-00744-WJ-KK*

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT SUNNYSIDE GOLD CORPORATION'S MOTION TO DISMISS

**THIS MATTER** comes before the Court on Defendant Sunnyside Gold Corporation's ("Sunnyside") Motion to Dismiss Second Amended Complaint and Supporting Memorandum, Doc. 450, filed February 4, 2020 ("Sunnyside's Motion to Dismiss").

The *Allen* Plaintiffs filed a Second Amended Complaint to add five new Plaintiffs ("Additional Plaintiffs"). *See* Doc. 445, filed January 21, 2020.

Sunnyside moves to dismiss the Second Amended Complaint as to the Additional Plaintiffs on the basis that any claims the Additional Plaintiffs may have are barred by the statute of limitations. *See* Sunnyside's Motion to Dismiss at 1. Sunnyside contends that the "Second Amended Complaint specifically alleges the date of the injury and the date that any cause of action accrued" as being based on the release from the Gold King Mine on August 5, 2015, that entered Plaintiffs' property and contaminated their land and crops. *See* Sunnyside's Motion to Dismiss at 3. The *Allen* Plaintiffs filed their Second Amended Complaint on January 21, 2020, which is approximately 4 years and five months after the Gold King Mine Release. The Court has previously ruled that New Mexico's four-year statute of limitations applies. *See* Doc. 182 at 2, filed May 31, 2019.

The *Allen* Plaintiffs assert that the claims of the Additional Plaintiffs are not barred by the statute of limitations, based on the continuing wrong doctrine, because "harmful heavy metals

remain embedded in the riverbed upstream of the Plaintiffs and threatens to remobilize during natural runoff, storms, or other events." *Allen* Plaintiffs' Response at 1, Doc. 465, filed February 18, 2020.

Under the continuing wrong doctrine, "where a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury. In other words, the statute of limitations does not begin to run until the wrong is over and done with." *Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430-1431 (10th Cir. 1996) (citations omitted). "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from the original violation." *McCormick v. Farrar*, 147 Fed.Appx. 716, 720 (10th Cir. 2005) (quoting *Bergman v. United States*, 751 F.2d 314, 317 (10th Cir. 1984)). The continuing wrong doctrine "cannot be employed where the plaintiff's injury is definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress." *Tiberi v. Cigna Corp.*, 89 F.3d at 1431.

The Court grants Sunnyside's motion to dismiss the Second Amended Complaint as to the Additional Plaintiffs because those claims are barred by the four-year statute of limitations. Sunnyside's alleged wrongful conduct occurred on or before August 5, 2015. The Additional Plaintiffs' injuries were definite and discoverable, and nothing prevented them from coming forward to seek redress. The Additional Plaintiffs asserted their claims in the Second Amended Complaint which was filed on January 21, 2020, which is which is approximately 4 years and five months after the Gold King Mine Release.

**IT IS ORDERED** that:

(i) Defendant Sunnyside Gold Corporation's Motion to Dismiss Second Amended Complaint and Supporting Memorandum, Doc. 450, filed February 4, 2020, is

**GRANTED** as to the Additional Plaintiffs**.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**