## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,                             No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to: No. 1:18-cv-00744-WJ-KK*

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS NONRESPONSIVE *ALLEN* PLAINTIFFS

**THIS MATTER** comes before the Court on Defendants the United States of America, Weston Solutions, and Environmental Restoration's Motion to Dismiss Nonresponsive *Allen* Plaintiffs with Prejudice, Doc. 804, filed September 11, 2020.

Movants assert that despite extended deadlines, several of the *Allen* Plaintiffs ("Nonresponsive Plaintiffs") did not provide Plaintiff Questionnaires or respond to interrogatories stating "Nearly two years after litigation commenced, the Nonresponsive Plaintiffs have made no efforts to litigate their claim beyond filing the initial complaint and have failed to provide any discovery at all."

On October 5, 2020, the Court ordered the Nonresponsive Plaintiffs to show cause why their claims should not be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 41(b) and 37(b)(2)(A)(v), and notified the Nonresponsive Plaintiffs that failure to respond will result in dismissal of all claims with prejudice.    *See* Doc. 857.  None of the Nonresponsive Plaintiffs filed a response to the Court's Order to Show Cause.

Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b).

The sanction of dismissal with prejudice for failure to prosecute is a "severe sanction," a measure of last resort. *Jones v. Thompson,* 996 F.2d 261, 265 (10th Cir.1993); *see Meade v. Grubbs,* 841 F.2d 1512, 1521 n. 7 (10th Cir.1988).

We have identified a non-exhaustive list of factors that a district court ordinarily should consider in determining whether to dismiss an action with prejudice under Rule 41(b): (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus,* 965 F.2d at 921; *see Mobley v. McCormick,* 40 F.3d 337, 341 (10th Cir.1994) ( "Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria."). Under this flexible framework, established in our *Ehrenhaus* decision, dismissal is warranted when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Ehrenhaus,* 965 F.2d at 921 (internal quotation marks omitted; quoting *Meade,* 841 F.2d at 1521 n. 7).

*Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007).

Rule 37(b)(2) provides: "If a party … fails to obey an order to provide or permit discovery," the Court may issue an order "dismissing the action." Fed. R. Civ. P. 37(b)(2)(A)(v). "[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920, 918 (10th Cir. 1992) ("consider[ing] the scope of a district court's discretion to dismiss a complaint with prejudice pursuant to Rule 37(b)(2) … as a sanction for the intentional violation of a discovery order").

Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant,"; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

The Nonresponsive Plaintiffs' failure to provide discovery prejudices Defendants to a high degree by causing delay and increased attorney's fees, and interferes with the judicial process in the adjudication of claims of three sovereign Plaintiffs and many other individual Plaintiffs. The

United States Judicial Panel on Multidistrict Litigation centralized the member cases of this Multidistrict Litigation to promote the just and efficient conduct of the proceedings to "avoid duplicative, complex discovery and other pretrial proceedings."  Transfer Order, Doc. 1, filed April 4, 2018.  Allowing the Nonresponsive Plaintiffs to proceed with their claims without providing timely discovery will undermine the goal of centralization.

It appears that the Nonresponsive Plaintiffs are intentionally refusing to provide discovery because their attorney reports that they warned the Nonresponsive Plaintiffs that "they risked dismissal for failing to respond to discovery."  Doc. 638 at 5.

The Court finds that lesser sanctions will not cause the Nonresponsive Plaintiffs to timely provide discovery because the Nonresponsive Plaintiffs failed to respond to the undersigned's Order to Show Cause why their claims should not be dismissed with prejudice which included the warning that "failure to respond will result in dismissal of all claims with prejudice."  It is now about nine months after the deadline for submitting the Questionnaires.  Any further delay will risk delaying the trial, set for next year, of many claims of the responding Plaintiffs and increase the attorney's fees of Defendants.  The Court, therefore, dismisses the claims of the Nonresponsive Plaintiffs with prejudice.

> **IT IS ORDERED** that:

(i)     Defendants the United States of America, Weston Solutions, and Environmental Restoration's Motion to Dismiss Nonresponsive *Allen* Plaintiffs with Prejudice, Doc. 804, filed September 11, 2020, is **GRANTED.**

(ii)     The claims of the following *Allen* Plaintiffs are **DISMISSED with prejudice:**
Leontyne Atcitty, Lula Atcitty, Alice H. Begay, Roy J. Begay, Jacqueline S. Begay, Eric Begay, Jenathan J. Begaye, Corlivia S. Begaye, Rechelleda Benallie, Dina L.

Benally, Pearlene Benally, Larena Benn, Lynalla Benn, Priscilla H. Bigman, Janice

"Terri" T. Brown, Albert Bylilly, Harrison Cattleman Jr., Lahoma Cly, Rena

Fasthorse, Shalina Grandson, Crystal T. Grey, Reyvette Grey, Shawna Hamm,

Emerson Hatathley, Annie J. Henry, Elsie Henry, Eddie Jay, Kyle Jim, Herman

John, John Lansing, Evelyn M. Lee, Albert H. Lee, Michelle A. Lee, Michael M.

Little, Irene Livingston, Mae Martin, Beverly Maxwell, Wallace McGilbert, Lucy

Mitchell, Sylvia Mitchell, Emma Mitchell, Ruby A. Nelson, Pauline D. Nelson,

Bessie S. Pelt, Wilson C. Phillips, Vernon Phillips, Ella M. Redhouse, Lucy Rentz,

Nelson Rockwell, Raymond G. Sells, Celeste S. Silas, Ella Silas, Marilyn Silas,

James Simpson, Dora Todacheene, Jerry J. Todacheene, Bernadine Todechene,

Flora Todechine, Clarence D. Weston, and Harold Williams.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**