## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,                            No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to No. 18-cv-744-WJ-KK*

### MEMORANDUM OPINION AND ORDER
### GRANTING IN PART ENVIRONMENTAL RESTORATION, LLC'S
### MOTION TO TAX COSTS AGAINST *ALLEN* PLAINTIFFS

The Court of Appeals for the Tenth Circuit held that this Court must apply the State of

Colorado's two-year statute of limitations to state-law claims preserved under the Clean Water Act

and remanded the case to this Court for proceeding not inconsistent with the Tenth Circuit's

opinion.  Doc. 010110678995, filed May 3, 2022, in *Allen v. Environmental Restoration*, LLC,

No. 19-2197 (10th Cir.).  Because the *Allen* Plaintiffs did not file their state-law claims against

Environmental Restoration, LLC ("ER") within the two-year limitations period, the Court entered

its Judgment of Dismissal with prejudice of the *Allen* Plaintiffs' Complaint against ER.  *See*

Doc. 1770, filed August 4, 2022.

ER moves the Court to tax costs against the *Allen* Plaintiffs, jointly and severally, pursuant

to Fed. R. Civ. P. 54.  *See* Motion of Defendant Environmental Restoration, LLC to Tax Costs

Against *Allen* Plaintiffs, Jointly and Severally, Doc. 1775, filed August 10, 2022 ("Motion").

> Rule 54(d)(1) provides that costs, other than attorney's fees, should generally "be
> allowed to the prevailing party." We have recognized that the district court's
> discretion in taxing costs is limited in two ways. *See Cantrell v. Int'l Bhd. of Elec.
> Workers,* 69 F.3d 456, 458–59 (10th Cir.1995) (en banc). First, "Rule 54 creates a
> presumption that the district court will award costs to the prevailing party." *Id.* at
> 459. Second, the district court "must provide a valid reason" for denying such costs.
> *Id.; see also Klein v. Grynberg,* 44 F.3d 1497, 1507 (10th Cir.1995) (stating that
> denying costs to a prevailing party is a "severe penalty" and explaining that "there
> must be some apparent reason to penalize the prevailing party if costs are to be
> denied").
> ....
>
> A prevailing party bears the burden of establishing the amount of costs to which it
> is entitled. *See Allison,* 289 F.3d at 1248. Our precedents establish that the amount
> a prevailing party requests "must be reasonable." *Callicrate,* 139 F.3d at 1339.

> Once a prevailing party establishes its right to recover allowable costs, however, the burden shifts to the "non-prevailing party to overcome" the presumption that these costs will be taxed. *Rodriguez v. Whiting Farms, Inc.,* 360 F.3d 1180, 1190 (10th Cir.2004).

*In re Williams Securities Litigation-WCG Subclass*, 558 F.3d 1144, 1147-48 (10th Cir. 2009).

> "[T]o deny a prevailing party its costs is 'in the nature of a severe penalty,' such that there 'must be some apparent reason to penalize the prevailing party if costs are to be denied.' " *Marx v. Gen. Revenue Corp.,* 668 F.3d 1174, 1182 (10th Cir.2011) (quoting *Klein v. Grynberg,* 44 F.3d 1497, 1507 (10th Cir.1995)). Thus, the district court's discretion to deny the prevailing party costs is "not unlimited." *Cantrell v. Int'l Bhd. of Elec. Workers, AFL–CIO, Local 2021,* 69 F.3d 456, 458 (10th Cir.1995) (en banc). The circumstances in which a district court may properly deny costs to a prevailing party include when (1) the prevailing party is "only partially successful," (2) the prevailing party was "obstructive and acted in bad faith during the course of the litigation," (3) damages are "only nominal," (4) the nonprevailing party is indigent, (5) costs are "unreasonably high or unnecessary," or (6) the issues are "close and difficult." *See id.* at 459.

*Debord v. Mercy Health System of Kansas, Inc.*, 737 F.3d 642, 659-660 (10th Cir. 2013).

ER asserts that as the prevailing party it is entitled to an award of recoverable costs. *See* Motion at 4. ER states that it incurred $730.00 in recoverable filing fees and $69,035.98 in recoverable deposition transcript costs resulting in a total of $69,765.98. *See* Motion at 2, 4-5.

The *Allen* Plaintiffs contend that the Court should deny ER's Motion for costs because: (i) the legal issues were close and difficult and the *Allen* Plaintiffs' claim was brought in good faith; and (ii) ER was only partially successful. In the alternative, the *Allen* Plaintiffs contend that the Court should deny ER's Motion as to deposition costs that were not reasonably necessary to defeat the *Allen* Plaintiffs' claims.

The *Allen* Plaintiffs state the Court should deny ER's Motion for costs "because of the close and difficult statute of limitations and choice of law issues of first impression raised by their claims and resolved on interlocutory appeal by the Tenth Circuit." Response at 8. The *Allen* Plaintiffs noted that the "Tenth Circuit acknowledged, however, that it was the 'general' rule that a 'federal court hearing a diversity action applies the statute of limitations which would be applied by a court of the forum state, ... even when the action is brought under the law of a different state'"

2

but "adopted the interpretation that *Ouellette* [47 U.S. 481 (1987)] did in fact preempt all downstream state law." Response at 6. The *Allen* Plaintiffs do not discuss why they waited until August 3, 2018, two days before the three-year anniversary of the release, to file their Complaint.

> The *Allen* Plaintiffs state:
>
> This Court should exercise its discretion to deny costs to ER based on its limited success in defeating only the *Allen* Plaintiffs' claims solely on procedural ground. ER still may be found liable as against the Sovereign Plaintiffs and the *McDaniel* Plaintiffs. Also, the *Allen* Plaintiffs may still prevail on their claims against the Federal Defendants. Simply put, ER was only part[l]y successful such that this Court should deny costs in favor of ER.
>
> As an example, this Court previously denied costs to a defendant who prevailed at trial on the claims asserted by one plaintiff, but who lost as to the civil rights claims of the other plaintiff. *Spurlock v. Townes*, No. 09cv786 WJ/SMV, 2012 WL 12897891 *2 (D.N.M 2012). This Court held that because there was significant overlap between the evidence concerning each plaintiffs' evidence, the defendant employer was not a prevailing party entitled to costs simply because one plaintiff was unable to prove the employer's liability for the corrections officer's sexual assault. *Id.*

Response at 11.

The *Allen* Plaintiffs assert that the depositions of six persons have no relevance to the *Allen* Plaintiffs' claims or ER's defenses to those claims. *See* Response at 13, Doc. 1809, filed September 22, 2022 (stating "Depositions taken solely for discovery are not taxable as costs") (quoting *Furr v. AT&T Tech., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987)). The *Allen* Plaintiffs state "ER cannot claim $9,742.28 as recoverable cost for the depositions of these witnesses." Response at 14. ER states "in lieu of arguing over the "necessity of the six contested depositions, ER hereby stipulates to Plaintiffs' requested deduction of $9,742.28 in deposition costs. Accordingly, ER is entitled to a cost award in the amount of $60,023.70." Reply at 4, Doc. 1821, filed October 6, 2022.

The *Allen* Plaintiffs' argument that the Court should not grant ER's Motion to tax costs because ER was only partly successful is not persuasive. ER was completely successful against all the *Allen* Plaintiffs. The *Allen* Plaintiffs' assertion that "ER still may be found liable as against

the Sovereign Plaintiffs and the *McDaniel* Plaintiffs" is not relevant.  The *Allen* Action, the *New Mexico* Action, the *Navajo Nation* Action, the *McDaniel Action* and the *Utah* Action were centralized in this multidistrict litigation in the District of New Mexico "for coordinated or consolidated pretrial proceedings."  28 U.S.C. § 1407(a); *see* Transfer Order of the United States Judicial Panel on Multidistrict Litigation at 1, Doc. 1, filed April 4, 2018.  The State of New Mexico, the Navajo Nation and the *McDaniel* Plaintiffs are plaintiffs in separate district court actions.

The Court grants in part ER's Motion to tax costs because the *Allen* Plaintiffs have not overcome the presumption that costs will be taxed.  ER was completely successful against the *Allen* Plaintiffs.  The *Allen* Plaintiffs identify only one "close and difficult" issue, the determination of the applicable statute of limitations.  The *Allen* Plaintiffs waited almost three years to file their Complaint and have not provided any justification for not filing within Colorado's two-year statute of limitations other than their reliance on New Mexico's inapplicable statute of limitations.  Those circumstances do not warrant imposing the severe penalty of denying ER its costs.

**IT IS ORDERED** that the Motion of Defendant Environmental Restoration, LLC to Tax Costs Against *Allen* Plaintiffs, Jointly and Severally, Doc. 1775, filed August 10, 2022, is **GRANTED in part.**  The Court awards Defendant Environmental Restoration, LLC its costs against the *Allen* Plaintiffs minus the $9,742.28 in deposition costs disputed by the *Allen* Plaintiffs, as stipulated to by Defendant Environmental Restoration, LLC, for a total cost award in the amount of $60,023.70.

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE